IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AXIOM RESOURCE MANAGEMENT, INC. )
)
    Plaintiff, )
)
v. ) 1:10cv1011 (LMB/JFA)
)
ALFOTECH SOLUTIONS, LLC, <u>et al.</u> )
)
    Defendants. )

<u>ORDER</u>

In a Report and Recommendation issued on June 3, 2011 [Dkt. No. 116], the Honorable John F. Anderson, United States Magistrate Judge, recommended that the plaintiff's Motion for Contempt [Dkt. No. 72] and Motion for Sanctions [Dkt. No. 98] be granted and that defendants Alfotech Solutions, LLC ("Alfotech") and Garnel Alford ("Alford") be found in civil contempt of court for failing to comply with the terms of a Temporary Restraining Order and Preliminary Injunction entered by this Court [Dkt. Nos. 8 and 24]. As sanctions for defendants' violations of this Court's injunction, along with defendants' complete failure to comply with several other Orders of this Court requiring defendants to produce outstanding documents during discovery [Dkt. Nos. 89 and 109], Judge Anderson recommended that:

> 1. A default judgment be entered against defendants Alfotech and Alford on Count II of plaintiff's Complaint, finding that Alfotech and Alford committed breach of contract, in the amount of $502,812.05, with interest from December 2009 until paid;
>
> 2. That plaintiff be awarded all expenses, including reasonable attorneys' fees, incurred in filing the Motion for Contempt and in appearing before the Court

on April 21, May 13, and May 27, 2011 relating to the Motion for Contempt; and

3. That defendants Alfotech and Alford be ordered to disgorge any and all funds withdrawn, diverted, or disbursed in violation of the Temporary Restraining Order and Preliminary Injunction.

The Report and Recommendation also recommended that the terms of the Temporary Restraining Order entered on September 17, 2010 [Dkt. No. 8], which was converted into a Preliminary Injunction on October 1, 2010 [Dkt. No. 24], be converted into a Permanent Injunction, and that upon the entry of default judgment, the bond posted by plaintiff be released.

The Report and Recommendation explicitly advised the parties that any objections had to be filed within fourteen (14) days, in accordance with 28 U.S.C. § 626(b)(1)(C), and that a failure to file timely objections would waive appellate review of any judgment entered on the basis of the recommendations. As of June 27, 2011, no objections to the Report and Recommendation have been filed.

Having carefully reviewed the magistrate judge's Report, the Court finds that it is factually accurate, and that, with minor exceptions noted herein, its recommendations are just and appropriate, in light of the defendants' blatant, repeated, and egregious violations of multiple Orders of this Court. Accordingly, the findings of fact and conclusions of law in the magistrate judge's Report and Recommendation [Dkt. No. 116] are adopted by this Court as its own, plaintiff's Motion for Contempt [Dkt. No. 72] and Motion for Sanctions [Dkt. No. 98] are GRANTED,

2

and it is hereby

ORDERED that defendants Alfotech Solutions, LLC and Garnel Alford be and are found to be in civil contempt of court; and it is further

ORDERED that a default judgment be and is entered against defendants Alfotech and Alford, jointly and severally, on Count II of plaintiff's Complaint (breach of contract), in the amount of $502,812.05, with post-judgment interest accruing at the Court's standard rate;[1] and it is further

ORDERED that defendants Alfotech and Alford disgorge any and all funds withdrawn, diverted, or disbursed in violation of the Temporary Restraining Order and Preliminary Injunction issued by this Court; and it is further

ORDERED that the terms of the Temporary Restraining Order and Preliminary Injunction be and are converted into a Permanent Injunction, enjoining Alfotech, Alford, Alfotech's subsidiaries, related companies, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with Alfotech who receive actual notice of the injunction from withdrawing or otherwise disposing of any funds from any bank

---

[1] The Report and Recommendation recommended that interest accrue from December 2009 until paid, but the Court finds that only post-judgment interest is appropriate, given that the parties' Subcontract Agreement does not specifically provide for interest payments, see Pl.'s Compl. at Ex. B, nor has the plaintiff cited any legal authority which would entitle it to pre-judgment interest.

account held in the name of Alfotech;[2] and it is further

ORDERED that the bond posted by plaintiff in connection with the Temporary Restraining Order and Preliminary Injunction be and is released; and it is further

ORDERED that plaintiff will be awarded all reasonable litigation expenses, including reasonable attorneys' fees, incurred in filing its Motions for Contempt and Sanctions and in appearing before the Court on April 21, May 13, and May 27, 2011 relating to those motions.[3]

This civil action is, at its core, essentially a claim for breach of contract, for which plaintiff has now been awarded the full amount of the compensatory damages it sought. Plaintiff, however, has indicated its intention to proceed on the remaining claims in its Complaint for, inter alia, fraud, conversion, and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. In addition to pursuing those claims against defendants Alfotech and Alford, plaintiff has also indicated its intention to pursue all applicable claims against the two other remaining individual defendants, Gail Alford and Carrie Cotten. One of those remaining defendants, Carrie Cotten, has

---

[2] This permanent injunction is to remain in effect during the pendency of any appeal of the judgment entered by this Court, until the judgment is satisfied.

[3] The reasonableness of any claimed fees is to be determined by the magistrate judge in the first instance, with any objections to that judge's recommendations to be heard by this Court.

filed a Motion to Dismiss, pro se [Dkt. No. 128], to which plaintiff has not yet responded. The Court is highly concerned that plaintiff may be over-reaching in pursuing its remaining claims, rather than simply pursuing collection actions against defendants Alford and Alfotech. Accordingly, it is hereby

ORDERED that the jury trial of this civil action, currently scheduled to begin on July 5, 2011, be and is REMOVED from the Court's docket at this time; and it is further

ORDERED that by close of business on Friday, July 1, 2011, plaintiff file a memorandum with the Court, under pain of Fed. R. Civ. P. Rule 11 sanctions for advancing frivolous claims or arguments, specifically identifying the remaining defendants and the remaining claims in its Complaint on which it intends to proceed, and showing good cause as to why this Court should not dismiss the remainder of the defendants and the remainder of the Complaint.

The Clerk is directed to forward copies of this Order to counsel of record and to all pro se defendants.

Entered this 27th day of June, 2011.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge