IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AXIOM RESOURCE )
MANAGEMENT, INC., )
 )
Plaintiff, )
 )
v. ) Civil Action No. 1:10cv1011 (LMB/JFA)
 )
ALFOTECH SOLUTIONS, LLC, *et al.*, )
 )
Defendants. )
_____ )

## REPORT AND RECOMMENDATION

This matter is before the Court for a determination of the reasonable attorney's fees to be awarded to plaintiff Axiom Resource Management, Inc. ("Axiom" or "plaintiff") for the failure to comply with discovery obligations and Orders of this Court by defendants Alfotech Solutions, LLC ("Alfotech") and Garnel Alford ("Alford").[1] The undersigned Magistrate Judge is submitting a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b).

### Procedural Background

The procedural history is set forth more fully in a previous Report and Recommendation submitted by the undersigned, thus the following will relate only to the award of attorney's fees. On June 3, 2011, the undersigned issued a Report and Recommendation (Docket no. 116) on plaintiff's Motion to Hold Defendants Garnel Alford and Alfotech in Contempt of Court and Refer Garnel Alford to the United States Attorney for the Eastern District of Virginia to Compel Compliance (Docket no. 72) ("Motion for Contempt") and plaintiff's Motion to Impose

---

[1] The complaint named as defendants in this action "Alfotech Solutions, LLC a/k/a ASI, Garnel E. Alford a/k/a Garnet E. Alford a/k/a Al Alford, George Alford, Jonathan S. Stapley, Francois E. Furman, Gail Alford, Carrie Cotton, and John and Jane Does 1-10." (Docket no. 1). The award of attorney's fees which is the subject of this Report and Recommendation was ordered only against defendants Alfotech Solutions, LLC and Garnel Alford.

1

Sanctions on Certain Defendants for Violation of Order to Compel Production of Documents (Docket no. 98) ("Motion for Sanctions"). The Report and Recommendation recommended, *inter alia*, that defendants Alfotech and Alford be found to be in civil contempt and that plaintiff be awarded the attorney's fees and expenses incurred by plaintiff in moving for sanctions including a finding of civil contempt, filing related pleadings, and appearing before the Court for related hearings. (Docket no. 116 at 18). The Report and Recommendation stated that when appearing before the undersigned on May 27, 2011, counsel for defendants did not object to this Court ordering payment of attorney's fees, instead counsel for defendants merely requested that the fees be reasonable. (Docket no. 116 at 17).

At the May 27, 2011 hearing and in the Report and Recommendation, the parties were directed to meet and confer on the amount of attorney's fees to be awarded and to notify the Court if the parties could not agree on the amount of expenses and costs to be awarded. (Docket nos. 116 at 17, 119-3). In the event that no agreement was reached, counsel for the plaintiff "was instructed to file a pleading identifying a proper amount of attorney's fees, with a response from defendants due five (5) days later, and with the matter to then be decided by the Court without oral argument." *Id.*

On June 7, 2011, plaintiff filed a Motion for Attorneys' Fees for Axiom's Efforts to Compel Production of Certain Documents seeking a total of $11,416.50 in attorney's fees. (Docket no. 119) ("Motion for Attorney's Fees"). Plaintiff's memorandum in support informed the Court that defendants, through local counsel, refused to agree on the amount of attorney's fees to be awarded. (Docket no. 119-1). Defendants have not filed any response to plaintiff's Motion for Attorney's Fees, despite having been instructed to do so at the May 27, 2011 hearing and in the Report and Recommendation.

2

On June 27, 2011, the District Judge entered an Order adopting the Report and Recommendation. (Docket no. 129). The District Judge ordered that plaintiff be "awarded all reasonable litigation expenses, including reasonable attorneys' fees, incurred in filing its Motions for Contempt and Sanctions and in appearing before the Court on April 21, May 13, and May 27, 2011 relating to those motions." (Docket no. 129 at 4). The District Judge further directed that "[t]he reasonableness of any claimed fees is to be determined by the magistrate judge in the first instance, with any objections to that judge's recommendations to be heard by this Court." (Docket no. 129 at n.3). This Report and Recommendation followed.

## Proposed Findings & Recommendations

Plaintiff seeks a total of $11,416.50 in attorney's fees for a total of 34.7 hours of attorney time, consisting of 17.9 hours billed by Mr. Eric Scott Crusius of the Centre Law Group, LLC at $375 per hour (totaling $6,712.50) and 16.8 hours billed by Ms. Sarah C. Schauerte of the Centre Law Group, LLC at $280 per hour (totaling $4,704.00). (Docket no. 119-4). The undersigned has reviewed the time entries for which plaintiff seeks to recover fees and recommends a finding that they reasonable and are all related to plaintiff's efforts in researching, preparing, filing, and arguing before the Court plaintiff's Motion for Contempt and plaintiff's Motion for Sanctions.

Plaintiff's Motion for Attorney's Fees seeks fees based on rates of $375.00 per hour for Mr. Crusius and $280.00 per hour for Ms. Schauerte. (Docket no. 119-4). Plaintiff's petition does not comply fully with the standards in this Circuit set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable hourly rate. Plaintiff has submitted declarations of Mr. Crusius and Ms. Schauerte which each state that "the fees and hours [sought] are both reasonable and accurate." (Docket nos. 119-2, 119-5).

3

However, plaintiff has not provided any supporting information proving that the fees charged are comparable with the prevailing market rates of other local lawyers familiar both with the skills of the fee applicants and the type of work in the relevant community. *Plyler*, 902 F.2d at 278.

Defendants, as has been their practice in this case, have failed to comply with this Court's Order to file a response to plaintiff's petition for fees. In his declaration, Mr. Crusius states that counsel for defendants refused to consent to the amount of fees sought by plaintiff, instead requesting a reduction to $7,000.00. (Docket no. 119-2 at 2). Plaintiff's counsel states no reason was given for the reduction other than a belief that "the amount of time is too much." *Id.*

In light of defendants' failure to contest the hourly rates in this case, and based on the Court's knowledge of the experience, reputation and ability of the attorneys as well as the efforts required by the pursuit of discovery in this dispute, the undersigned recommends that the Court find that the hourly rates for plaintiff's attorneys are reasonable. The hourly rates requested are consistent with the rates incurred in similar cases and awarded by this Court.

Plaintiff has requested fees for hours expended between April 13, 2011 and May 27, 2011. (Docket no. 119-4). The descriptions of the time entries for which plaintiff seeks to recover fees indicate that the entries represent work related to the motion to compel filed on April 14, 2011 (Docket no. 65), the Motion for Contempt filed on April 15, 2011 (Docket no. 72), the argument before the Court on April 21, 2011 (Docket no. 87), the Motion for Sanctions filed on May 6, 2011 (Docket no. 98), the argument before the Court on May 13, 2011 (Docket no. 108), and the argument before the Court on May 27, 2011 (Docket no. 111). A review of these time records indicates that the hours expended were related to researching discovery issues, filing the motions and related pleadings, and conferring with opposing counsel. (Docket no. 119-4).

For these reasons, the undersigned Magistrate Judge recommends that the Court find that the amount requested for attorney's fees is reasonable and that the Court award plaintiff the full amount of attorney's fees sought, $11,416.50, to be paid by defendants Alfotech and Alford.

## Recommendation

For the reasons stated above, the undersigned recommends that defendants Alfotech Solutions, LLC and Garnel Alford be ordered to pay $11,416.50 to plaintiff Axiom Resource Management, Inc., representing the reasonable attorney's fees incurred in filing the Motions for Contempt and Sanctions and in appearing before the Court on April 21, May 13, and May 27, 2011 relating to those motions.

## Notice

The parties and the public are notified that objections to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(C) and a failure to file timely objections waives appellate review of the substance of the Report and Recommendation and waives appellate review of any judgment or decision based on this Report and Recommendation.

Entered this 13th day of July, 2011.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

John F. Anderson
United States Magistrate Judge