IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AXIOM RESOURCE MANAGEMENT, INC., )
)
Plaintiff, )
)
v. ) 1:10cv1011(LMB/JFA)
)
ALFOTECH SOLUTIONS, LLC, et al., )
)
Defendants. )
)

MEMORANDUM OPINION

Before the Court is defendant Carrie W. Cotten's Motion to Dismiss [Dkt. No. 128] and plaintiff's Motion for Attorneys' Fees for Axiom's Efforts to Hold Defendants Garnel Alford and Alfotech in Contempt of Court [Dkt. No. 134].

Plaintiff Axiom Resource Management, Inc. ("Axiom") has filed a nine-count complaint against defendants Alfotech Solutions, LLC ("Alfotech"), Garnel E. Alford, George Alford, Jonathan S. Stapley, Francois E. Furman, Gail Alford, Carrie Cotten, and John and Jane Does 1-10. Only defendants Alfotech, Garnel Alford (President and CEO of Alfotech), Gail Alford (Garnel Alford's wife), and Carrie Cotten (Vice President of Business Operations at Alfotech) remain in this action. The nine counts include one claim brought under federal law, Count 1 alleging a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq., and eight state

law counts: fraud in the inducement (Count 2), constructive fraud in the inducement (Count 3), breach of contract (Count 4), conversion (Count 5), action on a note promising to pay under Va. Code Ann. § 8.01-27, et seq. (Count 6), unjust enrichment/quasi contract (Count 7), and accounting (Count 8).

Plaintiff's claims arise out of a subcontract entered into with Alfotech in September 2008. The subcontract grew out of a contract between Alfotech and the United States government (the "prime contract"). Under its subcontract, Axiom was to provide "personnel performing services" and submit monthly invoices to Alfotech, which Alfotech would in turn include with the invoices it sent to the United States government under the prime contract. Compl. ¶ 34. The subcontract required that Alfotech was to pay Axiom for its services within five days of receiving the corresponding payment from the government. Id. Axiom alleges that "(i) Alfotech billed the Government for services performed by its subcontractor Axiom; (ii) Alfotech received payments for those services from the Government; and (iii) Alfotech, by the individual Defendants, diverted those payments to its members instead [sic] using them to pay Axiom." Id. ¶ 38.

A temporary restraining order was entered on September 17, 2010. The Order prohibited defendants from withdrawing or otherwise disposing of funds held in Alfotech's Capitol One bank

account "and any and all bank accounts held in the name of defendant Alfotech that plaintiff shall identify." The temporary restraining order was converted into a preliminary injunction on October 1, 2010. See Dkt. Nos. 8 and 24. As discovery progressed, it became clear that defendants were egregiously non-compliant with their discovery obligations, the preliminary injunction, and various orders of the Court. Plaintiff filed a Motion to Hold Defendants Garnel Alford and Alfotech in Contempt of Court and Refer Garnel Alford to the United States Attorney for the Eastern District of Virginia to Compel Compliance ("Motion for Contempt") as well as a Motion to Impose Sanctions on Certain Defendants for Violation of Order to Compel Production of Documents ("Motion for Sanctions") [Dkt. Nos. 72 and 98].

Upon recommendation of a magistrate judge [Dkt. No. 116], on June 27, 2011, the Court found Alfotech and Garnel Alford to be in civil contempt of court, entered default judgment against them on Count 4 of the complaint in the amount of $502,812.05, ordered that they disgorge themselves of the funds obtained in violation of the TRO and injunction, and converted the preliminary injunction into a permanent injunction. See Dkt. No. 129 (Order of June 27, 2011). The Court also ordered that plaintiff receive reimbursement for its reasonable attorneys'

fees and expenses related to the Motion for Contempt and Motion for Sanctions.

Despite being awarded the full amount of compensatory damages it sought, plaintiff has indicated it intends to proceed against defendants Garnel Alford and Alfotech on additional claims in the complaint, as well as against individual defendants Gail Alford and Carrie Cotten. Because the Court is concerned that plaintiff may be over-reaching in pursuing its remaining claims, rather than simply focusing on collection actions against defendants Garnel Alford and Alfotech, plaintiff was ordered to identify the remaining claims and defendants as to which it intends to proceed.

In its response to the Court's Order, Axiom indicated that in light of receiving a default judgment on Count 4, it has decided not to pursue Counts 6 (Virginia Code violation) and 8 (accounting) against any defendant. Moreover, plaintiff stated that it intends to proceed against only defendants Alfotech and Garnel Alford as to Counts 1 (RICO), 2 (fraud in the inducement), and 3 (constructive fraud); however, it wants to continue pursuing defendants Gail Alford and Carrie Cotten as to the claims in Count 5 (conversion) and 7 (unjust enrichment/quasi-contract).

As to Gail Alford, the two state law claims at issue appear to involve conversion of $12,405.00 plus an unspecified amount

4

of Alfotech funds which plaintiff alleges it should have received but were instead used for Ms. Alford's personal expenses.  Although plaintiff and Gail Alford are diverse, the small amount of money at issue is well below the $75,000.00 jurisdictional threshold for diversity jurisdiction.  Moreover, this individual defendant resides in Texas.  Allowing this action to proceed against this defendant in this jurisdiction would amount to an unreasonable use of federal judicial resources and be unfairly burdensome to this defendant.  For these reasons, the Court will decline to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367, and the claims against Gail Alford will be dismissed without prejudice to allow the plaintiff to pursue them in state court.

Pro se defendant Carrie Cotten filed a Motion to Dismiss in which she asserts that the only monies she received from Alfotech were for her salary.  Cotten Mot. ¶¶ 2, 5.  Plaintiff responds that it only seeks to recover from Ms. Cotten funds beyond those she received as salary, identifying $31,391.98 in checks Cotten issued to "cash" on the Alfotech Capitol One bank account, deposition testimony which evidences the "numerous occasions that the Alfotech Capitol One corporate bank account was used to pay personal expenses" for Cotten, and two wire transfers to Cotten from Alfotech accounts during the pendency of the preliminary injunction, totaling $6500.  Pl.'s Resp. at

5

28-29. As with defendant Gail Alford, the claims against Cotten do not appear close to the $75,000.00 jurisdictional threshold for federal jurisdiction and Cotten is also a resident of Texas. For these reasons, the Court will decline to exercise supplemental jurisdiction over the claims against Cotten pursuant to 28 U.S.C. § 1367, and these claims will be dismissed without prejudice to allow the plaintiff to pursue them in state court.

The Court ordered that plaintiff "be awarded all reasonable litigation expenses, including reasonable attorneys' fees, incurred in filing its Motions for Contempt and Sanctions and in appearing before the Court on April 21, May 13, and May 27, 2011 relating to those motions," specifying that "[t]he reasonableness of any claimed fees is to be determined by the magistrate judge in the first instance, with any objections to that judge's recommendations to be heard by this Court." Dkt. No. 129 at 4 & n.3. The magistrate judge recommended an award of $11,416.50 "representing the reasonable attorney's fees incurred in filing the Motions for Contempt and Sanctions and in appearing before the Court on April 21, May 13, and May 27, 2011 relating to those motions." Dkt. No. 132 at 5. Axiom did not object to that recommendation. The Court adopted the Report and Recommendation and awarded $11,416.50 in attorneys' fees jointly and severally against Alfotech and Garnel Alford [Dkt. No. 133].

6

Plaintiff has now filed a Motion for Attorneys' Fees for Axiom's Efforts to Hold Defendants Garnel Alford and Alfotech in Contempt of Court, in which it seeks a total of $32,671.50 representing 102.4 work hours for "contempt-related activities, which included three court appearances [April 21, May 13, and May 27, 2011], one motion, one response in support of that motion, the preparation of this fee petition, and other work...." See Dkt. No. 134-1 at 2-3.  It appears as though plaintiff views the first motion for attorneys' fees as relating only to its Motion for Sanctions and the latter to its Motion for Contempt; however, given the Court's previous award of attorneys' fees for both motions and the fact that plaintiff again seeks payment for the same three court hearings underlying the first award of attorneys' fees, the Court finds that plaintiff has received all of the attorneys' fees and expenses to which it is entitled as to those two motions and court appearances.[1]

---

[1] Moreover, several charges submitted with the pending motion for attorneys' fees are duplicative of those claimed in the first motion for attorneys' fees. For example, the line item "[r]esearch  proper service of process of non-party bank subpoena in Delaware and report findings to E.C. Discuss," for which attorney "SCS" sought $336.00 for 1.2 hours of work performed on May 6, 2011, appears nearly verbatim in the time record submitted with both of plaintiff's motions for attorneys' fees.  See Dkt. Nos. 119-4 at 1 and 134-2 at 3.

7

## CONCLUSION

For these reasons, plaintiff's Motion for Attorneys' Fees for Axiom's Efforts to Hold Defendants Garnel Alford and Alfotech in Contempt of Court [Dkt. No. 134] will be denied, defendant Cotten's Motion to Dismiss will be denied as moot, and the Complaint will be reduced to just those claims the plaintiff wants to pursue against defendants Alfotech and Garnel Alford by an Order to be issued with this Memorandum Opinion.

Entered this 30th day of March, 2012.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge